**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4381

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CORNELL SLATER,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge.  (1:19-cr-00205-RDB-1)

Submitted:  June 28, 2024                                    Decided:  July 30, 2024

Before DIAZ, Chief Judge, NIEMEYER, Circuit Judge, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Roland S. Harris IV, COHEN|HARRIS LLC, Towson, Maryland, for Appellant.  Erek L. Barron, United States Attorney, Baltimore, Maryland, Elizabeth Wright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cornell Slater pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g); attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). The district court sentenced Slater to 360 months' imprisonment. Slater appealed. On the Government's motion, we vacated Slater's § 924(c) conviction in light of *United States v. Taylor*, 596 U.S. 845 (2022) (holding that attempted Hobbs Act robbery is not categorically a crime of violence that can serve as a predicate offense for a § 924(c) conviction), and remanded for full resentencing as to the remaining counts to which Slater pled guilty.

On remand, the district court resentenced Slater to 288 months' imprisonment, within the 262- to 327-month Sentencing Guidelines range. On appeal, Slater contends that the district court erred in calculating his Guidelines range by applying a four-level enhancement under U.S. Sentencing Guidelines Manual § 2A2.1(b)(1)(A) (2023), based on the court's finding that the victim of Slater's § 922(g) offense sustained a permanent or life-threatening bodily injury. Because any error in the application of the enhancement was harmless, we affirm.

Generally, we review a criminal sentence for procedural and substantive reasonableness, applying "a deferential abuse-of-discretion standard." *United States v. Gall*, 552 U.S. 38, 41 (2007). In evaluating procedural reasonableness, we consider whether the district court properly calculated the Guidelines range. *Id.* However, rather than review the merits of Slater's challenge to the calculation of his Guidelines range, "we

2

may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). Harmless-error review requires "knowledge that the district court would have reached the same result even if it had decided the [G]uidelines issue the other way" and "a determination that the sentence would be [substantively] reasonable even if the [G]uidelines issue had been decided in the defendant's favor." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (internal quotation marks omitted). An error will be deemed harmless only when we are "certain" that these inquiries are met. *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).

Here, the district court's comments during the sentence hearing make clear that it would have imposed the same 288-month sentence even if it had not applied the four-level enhancement under USSG § 2A2.1(b)(1)(A). Therefore, the first requirement of the assumed error harmlessness has been met.

Had the district court sustained Slater's objection to this enhancement, his Guidelines range would have been 188 to 235 months' imprisonment, and his sentence would represent an upward variance of 53 months from that range. In reviewing an upward variant sentence for substantive reasonableness, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014). In doing so, we afford "due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance, and the fact that we might reasonably have concluded that a different

3

sentence was appropriate is insufficient to justify reversal of the district court." *United States v. Morace*, 594 F.3d 340, 346 (4th Cir. 2010) (internal quotation marks omitted). Our ultimate inquiry is whether, considering the totality of the circumstances, the district court "abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010).

We are satisfied that the 288-month sentence imposed by the district court is substantively reasonable even under an assumed Guidelines range of 188 to 235 months. Indeed, the district court adequately explained why a 288-month sentence was necessary based on the § 3553(a) factors. In particular, the district court emphasized that Slater had a significant criminal history—with the present offenses constituting his sixth adult conviction. The district court was appropriately concerned that Slater's conduct was extremely serious and involved the shooting of two victims during two separate incidents. Because Slater's 288-month sentence is supported by the district court's consideration of the § 3553(a) factors, we conclude that the sentence is substantively reasonable. For those reasons, we are satisfied that any error in calculating the Guidelines range was harmless.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4